PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* MARCOS GOITÍA ET AL., Defendants and Appellants.

No. 4054. Argued June 6, 1930.—Decided March 13, 1931.

*J. Valldejuli Rodríguez* for appellants. *R. A. Gómez* for appellee.

Mr. Justice Wolf delivered the opinion of the Court.

This was a case where a jury in San Juan found the defendants guilty of arson. On appeal from a judgment of conviction the defendants allege several errors.

The court took several recesses. In accordance with sections 260 and 261 of the Code of Criminal Procedure, in the first recess the court gave the jury careful instructions as to the conduct they should all observe each time they left the court-room. Subsequently the court said, at the time of each recess: "The court reminds you of the law." (*"Se hace al jurado la advertencia de ley".*) Before a jury of ordinary intelligence the court was not bound to repeat word for word its previous instructions, but it sufficed to call the attention of the jury to its previous general warning. We find neither error nor prejudice. The court ordered the marshal to be sworn, and it should be presumed, if it was necessary, that he took the oath. This disposes of the first assignment of error.

Under section 258 of the Code of Criminal Procedure, the court has a discretion with respect to the moment when it will order a view. In this case it appears that the court did so when it found that the jury had not arrived at an agreement. When the view was actually ordered the defendant was present and also his counsel, and made no objection to the officers assigned to accompany the jury. The absence of the judge himself or any of the officers of the court other than the marshals or other actual officers assigned does not constitute error. We find no error.

The third error relates to the weighing of the evidence. As usual in cases of this kind, the evidence was largely circumstantial. A fireman and other witnesses found the premises impregnated with gasoline, and both defendants were seen rather frequently about the place and carrying inflammable materials into the place before the fire. One of the principal arguments of the appellants is that the defendant Goitía had no interest in burning the premises, as he was no longer the owner and had disposed of them. The proof tended to show that Goitía took a mortgage on the house sold and that his collections in regard thereto were unsatisfactory, if not a lack of payment. The property was insured. But the motive aside, however, or even if it did not exist, the jury had a right to find, by reason of the acts of the two defendants in carrying things into the house, that both were guilty of the arson charged. The appellants do not convince us that any element was lacking in the chain of circumstantial evidence.

The fourth assignment of error relates to the refusal of the court to grant a motion for a new trial. This motion was made before judgment. There was no separate appeal from the order overruling the motion. The *Fiscal* of this court says that he has been unable to find any exception taken to the order of the court in overruling the motion. The appellants maintain that when the jury went to Río Piedras

they scattered and individually went around the building, and that other persons were also there. The appellants evidently did not convince the court that there was in any sense a dissolution of the jury, or that other persons spoke to them in any prejudicial way, or in any form at all. In the absence of a stronger showing, it must be presumed that the officers in charge of the jury did their duty and held the jury under surveillance, and that nothing prejudicial to the appellants happened.

The judgment must be affirmed.